[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

Nos. 01-1171
    01-1828
    01-2157

THOMAS F. DOWD,

Plaintiff, Appellant,

v.

TOWN OF DEDHAM, ET AL.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Thomas F. Dowd on brief pro se.
Douglas I. Louison, James W. Simpson, Jr., Merrick, Louison & Costello, Kevin G. McIntyre, Rudin, Herzog, Ward & Donovan, P.C., Joyce Frank and Kopelman and Paige, P.C. on briefs for appellees.

January 3, 2002

**Per Curiam**.   Thomas Dowd, a prolific pro se litigant, appeals from separate district court judgments dismissing a trio of actions he brought under 42 U.S.C. § 1983.  These are only the latest in a series of state and federal court cases filed by Dowd involving one or both of two related events: his 1997 eviction from a residence in Dedham, Massachusetts, and his ensuing inability (because he is no longer a town resident) to vote in Dedham elections. We summarily affirm in each instance, deeming it sufficient to note that each of the three complaints is devoid of merit.

In No. 01-1828, Dowd alleges that some 17 defendants conspired to seize the Dedham property in violation of the Fourth Amendment.  The property transfer, however, occurred in accordance with a summary-process action in state court whose legality is not here in question.  Whether the no-trespassing notice was posted prematurely or otherwise improperly was a matter of Massachusetts law that should have been (and undoubtedly was) pursued in state court.  The Fourth Amendment is not thereby implicated.

-2-

In Nos. 01-1171 & 01-2157, Dowd charges the Dedham Board of Registrars with depriving him of the right to vote in recent elections, in violation of the Due Process Clause. We need not decide whether the first of these cases was subject to dismissal for untimely service of process, inasmuch as both plainly fail on the merits. It is undisputed that Dowd is now living in a residence outside of Dedham. His two key assertions--that he intended to stay in the Dedham house and that he was wrongfully evicted therefrom--fail to establish that his domicile remained in Dedham, at least with the legality of the eviction having now been confirmed. See, e.g., Mass. G.L. c. 51, § 1 (stating that only city or town "resident" may have name "entered on the list of voters"); Dane v. Board of Registrars of Voters of Concord, 374 Mass. 152, 161-63 (1978) (equating "residency" with "domicile" in this context and defining latter term). Nor did Dowd's deposit of an escrow ballot in a 2000 election, pursuant to Mass. G.L. c. 51, § 59A, establish any right to vote thereafter; the very purpose of that procedure is to obviate the need for such a determination where possible. In any event, these again are questions of state law that neither implicate a constitutional right nor otherwise warrant federal court

intervention.  <u>See</u>, <u>e.g.</u>, <u>Bonas</u> v. <u>Town of North Smithfield</u>, 265 F.3d 69, 74 (1st Cir. 2001) (noting that federal courts are not authorized to resolve "garden variety election irregularities") (internal quotation marks omitted).

<u>The judgments are affirmed.</u>